ALFORD, Judge.
This appeal is here on a judgment rendered in the trial court on a promissory note. The note was due two hundred and seventy-two days after November 28, 1979, which the parties stipulated at trial to be August 27, 1980. The note also stated it was payable “at 501 Louisiana Avenue”, the law office of Mr. O’Neal Walsh, defendant’s attorney.
On original trial of the defendant’s motion to dismiss, an exception of prematurity based on lack of presentation was sustained. Plaintiff timely applied for and was granted a new trial.
A review of the record discloses that 501 Louisiana Avenue, Baton Rouge, Louisiana, the specified place of payment in the note, is the office of defendant’s attorney. Plaintiff concedes that he did not present the note at the address provided in the instrument for payment. There was testimony to the effect that on the due date, plaintiff called defendant at his place of business, The Baton Rouge Athletic Club, and requested payment. Defendant responded, according to plaintiff, that “he could not do anything right now.”
Based on the testimony, the trial court concluded that plaintiff did, in fact, request payment of the note on its due date by calling defendant at his place of business. The court further concluded, based on a credibility determination, that defendant at that time indicated that it was not convenient or possible for him to pay the note. According to the trial court, this constituted a demand for payment of the note on its due date. We agree.
Defendant bases this appeal on two assignments of error, namely: 1. The trial court erred in ruling that presentment had been waived. 2. The trial court erred in awarding plaintiff interest and court costs.
Since the note did not contain a waiver of presentment, it was necessary that presentment be made unless otherwise excused. L.S.A. R.S. 10:3-511(3)(b), dealing with waived or excused presentment provides, in pertinent part, as follows:
“Presentment is also entirely excused when (b) acceptance or payment is refused but not for want of proper presentment.”
The trial court found as a matter of fact that when payment of the note was demanded by telephone contact with defendant on the due date, payment was refused for reasons other than lack of proper presentation. This brought the matter within the provisions of the LSA R.S. 10:3-511(3)(b). Defendant’s first assignment of error is without merit.
Regarding the second assignment of error that the trial court erred in awarding plaintiff interest and court costs, we conclude that it did not.
Appellant argues that appellee should have brought the note to 501 Louisiana Avenue because defendant’s attorney was ready, willing and able to pay. The trial court in its written reasons for judgment stated:
“It is of some significance that defendant did not instruct plaintiff to present the note at 501 Louisiana Avenue and it would be paid there. Under the circumstances, so far as plaintiff was aware, presentment at 501 Louisiana Avenue would have been a vain and useless gesture.”
The trial court was in a better position to assess credibility of the witnesses and to determine whether or not tender of payment was made by defendant. It chose to believe the plaintiff. We cannot do otherwise. We believe, therefore, that the assessment of interest and court costs was correct and that the judgment of the trial court should be affirmed at defendant-appellant’s costs.
AFFIRMED.